IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK TECHNOLOGIES CORP.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UTAH RESOURCES<br>INTERNATIONAL, INC., ET AL.,<br><br>　　　　　　Defendants. | ORDER<br><br>Case No.  2:03CV831DAK |

　　　　　This matter is before the court on the motion of Defendants Utah Resources International, Inc., and InterMountain Capitol Corporation for attorneys' fees and costs.  The court concludes that oral argument would not significantly aid in its determination of the motion.  Having carefully considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to Defendants' motion, the court enters the following order.

　　　　　Defendants seek $133,247.80 in attorneys' fees and costs pursuant to Paragraph 11.j of the June 26, 1996 Settlement Agreement between the parties.  The Settlement Agreement provides that "[i]n the event any action or proceeding is brought by any Party against any other Party under this Agreement, the prevailing party shall be entitled to recover attorney's fees and costs in such amount as the court may adjudge reasonable."  Defendants prevailed on all three claims brought by MTC.

　　　　　Attorney's fees awarded pursuant to a contract should not be given scrutiny to the same

degree as fees awarded in a statutory context, but should be awarded consistent with the contractual purpose of giving the parties the benefit of their bargain. *See United States ex rel. C.J.C., Inc. v. Western States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987). "Where attorney's fees are provided by contract, a trial court does not possess the same degree of equitable discretion to deny such fees as it has when applying a statute providing for a discretionary award." *Id.* A court "may nevertheless, reduce the contractual attorney's fees claimed if it finds such an award 'would be inequitable and unreasonable.'" *Id.* (quoting *General Elec. Credit Corp. v. Oil Screw Triton, VI*, 712 F.2d 991, 995 (5th Cir.1983) (quoting in part *Cable Marine, Inc. v. M/V Trust Me II*, 632 F.2d 1344, 1345 (5th Cir. Unit B 1980)).

"In considering whether a fee is unreasonable or excessive," a trial court may consider "the familiar factors from the federal cases awarding fees in a statutory context." *Id.* "The district court may choose to use these factors, not to compute a reasonable fee, but to assist in determining if the fees claimed are unreasonable or inequitable. In addition, it remains important for the district court to provide a 'concise but clear explanation' of its reasons for any adjustments to the fee award." *Id.*

Under Utah law, there is a four-prong test governing the reasonableness of attorneys fees: (1) What legal work was actually done? (2) How much of the work performed was reasonably necessary to adequately prosecute the matter? (3) Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services? (4) Are there circumstances which require consideration of additional factors? *Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988).

In this case, MTC attacks the request for attorneys' fees and costs on several grounds. MTC argues specifically that Defendants are not entitled to recover fees incurred in defending URI board members. However, MTC chose to name all of these Defendants, Defendants had an obligation to defend them, and the claims against the board members were successfully defended. Therefore, the court concludes that attorneys fees can be awarded for costs incurred defending the URI board members.

Next, MTC argues that the rates charged by Defendants' Chicago-based counsel are excessive by Salt Lake City standards. Counsel for Defendants obviously believe that they were the best choice for Defendants and counsel did obtain a favorable result for Defendants. The court, however, finds that Defendants' counsels' hourly rates should be set at the prevailing Salt Lake City rates because the subject matter of the litigation is not so unusual that it required special skills that only an out-of-state lawyer possesses. *See Jane L.*, 61 F.3d at 1510; *Ramos*, 713 F.2d at 555. The firm retained as local counsel routinely handles cases of this type. The court agrees with Defendants that a party should be able to choose its own counsel, but it would be inappropriate to require the opposing party to bear the additional costs associated with such a decision when local firms were available to handle the litigation.

The hourly rate the court will apply for each attorney is as follows: Craig M. White at $320, Lucy C. Lisiecki at $215, Alan B. Roth at $295, Charles C. Kim at $280, Jennifer C. Hodges at $120; Andrea L. Caron at $125, Brad L. Hansen at $125, Jason C. Logue at $125, Robert Deegan at $125, Karen K. Krupka at $35, and Cristina J. Eckl at $35. Applying these rates to the hours billed by each of these attorneys reduces the fees from the law firm of Wildman, Harrold, Allen & Dixon to $86,467.50.

MTC also argues that there are several instances in which counsel for Defendants spent an excessive amount of time on certain specific tasks and that some tasks were unrelated to this litigation or only necessary because of the retention of out-of-state counsel.  The court has carefully reviewed each of the entries and believes that there are several instances in which the amount of time or task was unnecessary.  Rather than list each of the instances, the court believes that a 10% reduction in fees is adequate to make the fees reasonable.  Therefore, the fees from the law firm of Wildman, Harrold, Allen & Dixon should be reduced to $77,820.75.

MTC contends that a reasonable fee in this case should not exceed $50,000.  The court, however, has reviewed the entries for the work performed and believes that the reduction in hourly rates and 10% reduction is adequate.

MTC makes no argument that the rates or time charged by Defendant's Salt Lake law firm were excessive.  The court finds these fees to be reasonable and awards Defendants $9,589.75 in fees charged by he law firm of Bendinger, Crockett, Peterson, Greenwood & Casey.

MTC asserts that the motion for costs was untimely and failed to comply with the court's local rules.  However, the motion for costs was brought pursuant to the contract, not 28 U.S.C. § 1920.  Accordingly, the local court rules relating to costs under § 1920 are inapplicable.  Moreover, the court was unaware of the contractual provision when it stated that each party should bear its own costs.  MTC makes no argument that the costs are unreasonable nor does the court find any of the costs to be unreasonable.  Therefore, the court awards Defendants $10,680.52 in costs.

## III.  Conclusion

Based on the above reasoning, Defendants' motion for attorneys' fees and costs is

GRANTED. The court awards Defendants $87,410.50 in attorneys' fees and $10,680.52 in costs.

DATED this 20th day of April, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge